**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Richard A. Papineau</u>

    v.                                         Case No. 22-cv-40-SM

<u>Warden, New Hampshire
State Prison, et al.</u>

**Report and Recommendation**

    Richard A. Papineau, who is an inmate at the Northern New Hampshire Correctional Facility ("NCF") and is proceeding pro se, brought suit, alleging that the warden and employees at the New Hampshire State Prison for Men ("NHSP") failed to protect him from staff and other inmates. Doc. no. 1. He then filed a motion to amend his complaint to add defendants who are employed at the NHSP Health Services Center.[1] Doc. no. 8. The complaint and motion were referred for preliminary review pursuant to LR 4.3(d)(1) and 28 U.S.C. §§ 1915(e)(2) and 1915A.

    Based on preliminary review, the court concluded that Papineau failed to allege sufficient facts to state a claim but gave him the opportunity to file an amended complaint. Doc. no. 13. The deadline for him to file an amended complaint was August 4, 2022. Papineau did not file an amended complaint.

---

[1] The motion is titled as a motion for an order to be released from isolation, but it is construed as a motion to amend because Papineau raises additional issues. Doc. no. 8.

Since the order issued, Papineau sent two letters to the court, which are addressed below.

## Discussion

In his first letter (doc. no. 14), Papineau asked why his complaint was referred to the magistrate judge for preliminary review and expressed his view that the court was denying him relief.  As stated in the prior order and is stated above, the complaint was referred pursuant to LR 4.3(d).  Papineau's complaint and requests for relief were not denied.  Instead, he was given an opportunity to file an amended complaint to provide factual allegations to support the relief he requested.

In his second letter (doc. no. 15), Papineau referred to his first letter, described an incident at the prison, and inquired about how his first letter had been made public.  The filings made in a case, including letters, are available to the public on the docket unless they are sealed pursuant to LR 83.12.  Therefore, both of Papineau's letters are public.

Despite those communications with the court, Papineau did not file an amended complaint or otherwise provide factual allegations to support claims in this case.  As a result, he has not provided any basis to find cognizable claims in this case.

## Conclusion

For the foregoing reasons, the district court judge should dismiss the complaint (doc. no. 1) and the motion (doc. no. 8)

on preliminary review, without prejudice, as Papineau fails to state a cognizable cause of action.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016)

_____
Andrea K. Johnstone
United States Magistrate Judge

August 15, 2022

cc: Richard A. Papineau, pro se.